```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANNE-MARIE PADILLA,

                    Plaintiff,

      -against-                              MEMORANDUM AND ORDER
                                             14-CV-1976(JS)(ARL)
LAKEVIEW REHABILITATION AND
CARE CENTER, MIM DOROSAU,
DR. JACOB DIMANT, ELLIOT DIMANT,
and STEPHANIE MALONE,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Paul J. Sagar, Esq.
                   Steven Seltzer, Esq.
                   Yuen Roccanova Seltzer & Sverd
                   11 Hanover Square, 13th Floor
                   New York, NY 10005

For Defendants:    Paul J. Siegel, Esq.
                   Alessandro Villanella, Esq.
                   Jackson Lewis, P.C.
                   58 South Service Road, Suite 250
                   Melville, NY 11747
```

SEYBERT, District Judge:

      Presently pending before the Court is a Settlement Agreement and General Release (the "Agreement") requiring judicial approval under the Fair Labor Standards Act ("FLSA"). (Docket Entry 20.) Although the parties have filed the Agreement on the public docket and the terms of the Agreement appear to be fair and reasonable, the parties have completely redacted section 6 of the Agreement, and they have not explained what was redacted or why redaction is necessary. (Settlement Agreement, Docket Entry 20 at

10-11.) The Court therefore cannot approve the Agreement as presently filed.

Although "most settlement agreements are private, and, therefore, are not judicial documents subject to a presumption of public access, 'FLSA cases are different.'" Bouzzi v. F & J Pine Restaurant, LLC, 841 F. Supp. 2d 635, 639 (E.D.N.Y. Jan. 11, 2012) (quoting Hens v. Clientlogic Operating Corp., No. 05-CV-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010)). The "FLSA places 'strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver.'" Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (alteration in original) (quoting Le v. SITA Info. Networking Computing USA, Inc., 07-CV-0086, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Thus, Plaintiff "may not waive or otherwise settle [her] FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." Wolinksy v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citing Mosquera, 2011 WL 282327, at *1).

"Because judicial approval is required for settlement under the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies." Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL

2

5508972, at *1 (E.D.N.Y. Nov. 10, 2011); see also Bouzzi, 841 F. Supp. 2d at 639 ("Where, as here, the FLSA settlement is submitted to the court for approval, the approval process is a judicial act. Consequently, the settlement agreement is a judicial document to which the presumption of public access attaches." (citations omitted)).

Here, the Court cannot approve the Agreement without knowing the contents of and the justification for the parties' redaction of section 6 of the Agreement.  Accordingly, the parties may: (1) file a revised Agreement that does not contain any redactions; (2) file a letter explaining why the presumption of public access does not apply to section 6 of the Agreement; or (3) abandon their settlement.  The parties must take one of these actions with thirty (30) days of the date of this Memorandum and Order.

                                             SO ORDERED.

                                       /s/ JOANNA SEYBERT
                                       Joanna Seybert, U.S.D.J.

Dated:    April   2  , 2015
           Central Islip, NY